UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ESTHER J. OTERO, for herself
and others similarly situated,

       Plaintiff,

v.

                                            Civ. No. 13-601 MV/CG

HARTFORD CASUALTY
INSURANCE COMPANY and
MARKO GRIEGO,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Hartford Casualty Insurance Company's Motion to Dismiss [Doc. 14]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well taken and will be granted.

## BACKGROUND

This case arises from an automobile collision between Plaintiff, Esther Otero, and Defendant Marko Griego on November 6, 2010 in Albuquerque, New Mexico. Doc. 1-1 (Complaint) ¶¶ 9-12. The Complaint alleges that Defendant, who is an uninsured motorist, was at fault for the accident, which caused serious personal injury to Plaintiff. *Id.* ¶¶ 16-17.

At the time of the accident, Plaintiff was insured under a policy issued by Defendant Hartford Insurance Company ("Hartford"). Plaintiff carried liability coverage in the amounts of $50,000 per person, $100,000 each accident in bodily injury damages, and $50,000 each accident in liability coverage for property damage. *Id.* ¶ 21.

After the accident, Plaintiff made a claim under her Hartford policy for uninsured/underinsured motorist ("UM/UIM") benefits.  *Id.* ¶ 22.  Hartford denied her claim.  *Id.* ¶ 24.  On September 29, 2011 and October 13, 2011, Hartford sent two letters to Plaintiff and its other insureds residing in New Mexico, which the Complaint describes as advising that because of two recent decisions issued by the New Mexico Supreme Court, Hartford has an obligation to reform all policies such that UM/UIM limits are made equal to the limits of liability coverage for all policies from 2004 through the date of the mailings.  *Id.* ¶ 33.  The Complaint alleges that, despite these letters, Hartford continues to deny Plaintiff UM/UIM coverage with limits equal to the limits of her liability coverage, as required by New Mexico law.  *Id.* ¶ 35.

On May 29, 2013, Plaintiff filed in New Mexico state court a Class Action Complaint against Hartford and Griego, for breach of statutory, common law, and contractual duties, and for injunctive and declaratory relief and for personal injuries.  Doc. 1-1.  On June 28, 2013, Hartford removed the case to this Court.  Doc. 1.  On July 30, 2013, Hartford filed the instant motion to dismiss.  Doc. 14.  Plaintiff filed a response in opposition on August 21, 2013.  Doc. 16.  Hartford's reply followed on September 5, 2013.  Doc. 17.

## LEGAL STANDARD

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  When considering a 12(b)(6) motion, the Court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142

(2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, while the Court must take all of the factual allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 679.

## DISCUSSION

The Complaint asserts 11 claims for relief. Doc. 1-1. Hartford moves to dismiss in their entirety Plaintiff's claims for uninsured motorist benefits, injunctive relief, declaratory judgment, and punitive damages, as set forth in Counts III, VI, VII, VIII, and IX, respectively. Harford also seeks, as to Hartford only, dismissal of Plaintiff's negligence and negligence per se claims, as set forth in Counts X and XI, respectively. Plaintiff has agreed to dismissal of its injunctive relief and punitive damages claim, acknowledging that these are not separate claims but rather remedies that she seeks as a result of the other claims alleged in her Complaint. Accordingly, the claims now at issue on Hartford's motion are Plaintiff's claims for uninsured motorist benefits, declaratory judgment, negligence and negligence per se.

I.  Claim for Uninsured Motorist Benefits

In Count III, Plaintiff alleges that Hartford wrongfully and unlawfully denied UM/UIM coverage to Plaintiff and the Class, and that as a result, Plaintiff and the Class are entitled to

UM/UIM coverage with limits in an amount equal to the limits of the liability coverage of the policies at issue.   Doc. 1-1 ¶¶ 60-62.   Hartford argues that Plaintiff's claim for uninsured motorist benefits is duplicative of her breach of contract claim, and does not state a legally recognized, independent cause of action.   Plaintiff disagrees, arguing that her claim for uninsured motorist benefits is a claim expressly provided for by the contract she has with Hartford, and does not turn on the question of whether Hartford violated its contractual provisions.

The Court agrees with the distinction Plaintiff draws between its uninsured motorist claim, which is a claim under her insurance policy, and her breach of contract claim, which is a claim alleging that Hartford breached that insurance policy.   As the New Mexico Court of Appeals stated in *Brooks v. State Farm Ins. Co.*, "a claim for UIM benefits is merely a claim for payment of benefits under the contract and not a claim for breach of contract."   154 P.3d 697, 700 (N.M. Ct. App. 2007).   Despite this statement, however, the *Brooks* Court went on to hold that "once the claim for payment of [uninsured motorist] benefits is denied, the right to claim benefits under a contract becomes a right to sue for breach of that contract."   *Id.*   The Court concluded that, under such circumstances, "the claim being asserted is the right to sue for breach of contract, not the right to make a claim under the contract."   *Id.*

According to the Complaint, Hartford has denied Plaintiff's claim for uninsured motorist benefits under her insurance contract.   Under these circumstances, this Court is constrained to conclude that the right Plaintiff asserts is the right to sue for breach of contract, and not the right to make a claim under the contract.   *Id.*   Plaintiff thus cannot state a claim for uninsured motorist benefits separate from her breach of contract claim.

II.   <u>Claim for Declaratory Judgment</u>

In Count VII, Plaintiff alleges that an actual controversy exists between the parties, thereby

rendering declaratory relief proper, and that Plaintiff and the Class "are entitled to a declaratory judgment establishing the respective rights and obligations of the parties with respect to the claims set forth herein."  Doc. 1-1 ¶¶ 73-76.  Hartford argues that there is no actual controversy, as it agrees with Plaintiff that, under *Jordan v. Allstate Ins. Co.*, 245 P.3d 1214 (2010), and *Progressive N.W. Ins. Co. v. Weed Warrior Servs.*, 245 P.3d 1209 (2010), any legally defective rejection of UM/UIM coverage results in the automatic and retroactive reformation of its insurance policies as a matter of law.  Specifically, Hartford points to its two letters to Plaintiff, referenced in the Complaint, in which it advised that any policies where a valid rejection of UM/UIM coverage was not obtained had been reformed pursuant to *Jordan* and *Weed Warrior*.  Plaintiff contends that an actual controversy continues to exist.  According to Plaintiff, while Hartford has properly recognized that it must reform its insureds' policies to comply with *Jordan*, it must take the additional step of providing its insureds with notice of their available insurance coverage and the terms and conditions governing that coverage.

     The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  While the Complaint asserts a right to a declaratory judgment, it does not make clear what "rights and obligations" it seeks the Court to declare.  Based on the plain language of the Complaint, Plaintiff appears to allege that Hartford has ignored its obligations under *Jordan* to reform its policies to include UM/UIM coverage with limits equal to the limits of liability coverage.  Hartford has now conceded that it must comply with *Jordan*, and reform its policies in precisely the way Plaintiff argues.  The Complaint does not allege any other rights or obligations that Plaintiff seeks to have

5

declared.  It thus appears that no actual case or controversy remains to be resolved in Plaintiff's declaratory judgment claim.  *See Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1382 (10th Cir. 2011) (holding that where, by the time of judgment, BancInsure had agreed that the insurance policy at issue covered the only claim that had been made against an insured, there was no actual controversy to be resolved in declaratory judgment action).

III.     Claims for Negligence and Negligence Per Se Against Hartford

In Counts IX and X, Plaintiff alleges that Griego's conduct constitutes negligence and negligence per se.  Doc. 1-1 ¶¶ 100.  In both Counts, Plaintiff alleges that Hartford is liable for damages recovered by Plaintiff against Griego, as an uninsured driver, under the UM/UIM coverage provision of her insurance policy.  *Id.* ¶¶ 84, 100.  Hartford argues that its obligation to Plaintiff is defined by their contractual relationship, and thus that Plaintiff cannot assert a negligence or negligence per se claim against Hartford, as its insurer, separate and apart from its breach of contract claim against it.  Plaintiff argues that there is no legal basis to preclude her from adding her insurer as a party to negligence claims against Griego.  In support of her argument, Plaintiff asserts that New Mexico law specifically permits both a direct action by the insured against the insurance company, and joinder of automobile insurance carriers as defendants in a wide variety of cases alleging negligence leading to an automobile accident.

New Mexico courts treat "UIM and UM claims as contract-based actions."  *Brooks*, 154 P.3d at 698.  Thus, Plaintiff is permitted to bring a direct action against Hartford, as its insurer, for breach of its insurance contract, in which it was required, under New Mexico law, to provide UM/UIM coverage.  Plaintiff, however, as the party injured in an accident, is not entitled to bring a tort claim against Hartford, her own insurer, based on the negligence of the tortfeasor who caused her injury, who has no contractual relationship to Hartford.

The cases cited by Plaintiff provide no support for her position.  First, while *Guess v. Gulf Ins. Co.* confirms that a cause of action on uninsured motorist claims may be raised in a direct action by the insured against the insurance company, nowhere does that decision suggest that an insurance company is liable in tort to its insured based on a driver's negligence.  627 P.2d 869, 870 (N.M. 1981).  Further, *Raskob v. Sanchez* addressed the issue of whether, in a negligence action by an injured party against the tortfeasor who caused the injury, joinder of the defendant tortfeasor's insurance company was permissible, despite the absence of privity between the injured plaintiff and the defendant tortfeasor's insurer.  970 P.2d 580 (N.M. 1998).  The *Raskob* court held that when a defendant who is compelled by statute to maintain automobile liability insurance is sued, the defendant's insurer is a proper party to the lawsuit.  *See Martinez v. Reid*, 46 P.3d 1237, 1239 (N.M. 2002).  In contrast, here there is privity of contract between Plaintiff and Hartford, and thus there is no issue as to whether a direct action is permissible by Plaintiff against Hartford.  Again, nothing in *Raskob* or *Martinez* suggests that an insured may join its own insurer as a defendant in a tort claim brought against the tortfeasor, who has no privity of contract with the insurance company.

The Court does not disagree that Plaintiff has a cause of action against Hartford for its alleged failure to pay uninsured motorist benefits, and is entitled to seek damages arising from that failure.  Indeed, because Plaintiff's contractual relationship with Hartford provides the basis for her claims against it, Plaintiff has properly stated a breach of contract claim against Hartford.  The Court, however, cannot find, as Plaintiff urges, that she may also bring a negligence claim against Hartford for the alleged negligence of a tortfeasor with whom Hartford has no contractual privity.  Plaintiff's negligence claims as asserted against Hartford thus do not state a claim upon which relief can be granted.

**CONCLUSION**

Plaintiff agrees to dismissal of its claims for injunctive relief and punitive damages. Accordingly, Counts VI and VIII will be dismissed. Because Hartford has allegedly denied Plaintiff's claim for uninsured motorist benefits under her insurance contract, her claim for uninsured motorist benefits is a contract claim, rather than a separate claim for payment of benefits under the contract. Accordingly, her claim for uninsured motorist benefits (Count III) will be dismissed. Because Hartford has conceded that it must comply with *Jordan* and reform its insurance policies to provide UM/UIM coverage with limits equal to the limits of liability coverage, no actual controversy remains. Accordingly, her claim for declaratory judgment (Count VII), will be dismissed. Because Plaintiff's claim against Hartford arises under her insurance contract, her claim is properly brought as a contract claim, and not a tort claim based on Griego's negligent conduct. Accordingly, her claims for negligence and negligence per se (Counts IX and X) will be dismissed as against Hartford.

**IT IS THEREFORE ORDERED** that Defendant Hartford Casualty Insurance Company's Motion to Dismiss [Doc. 14] is granted, as set forth herein.

DATED this 14th day of February, 2014.

_____
MARTHA VÁZQUEZ
United States District Judge