UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ESTHER J. OTERO, for herself
and others similarly situated,

       Plaintiff,

v.

                                                          Civ. No. 13-601 MV/CG

HARTFORD CASUALTY
INSURANCE COMPANY and
MARKO GRIEGO,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reconsider Granting Defendant Hartford Casualty Insurance Company's Motion to Dismiss [Doc. 41]. The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

## BACKGROUND

This case arises from an automobile collision between Plaintiff, Esther Otero, and Defendant Marko Griego on November 6, 2010, in Albuquerque, New Mexico. Doc. 1-1 (Complaint) ¶¶ 9-12. The Complaint alleges that Defendant, who is an uninsured motorist, was at fault for the accident, which caused serious personal injury to Plaintiff. *Id.* ¶¶ 16-17.

At the time of the accident, Plaintiff was insured under a policy issued by Defendant Hartford Insurance Company ("Hartford"). Plaintiff carried liability coverage in the amounts of $50,000 per person, $100,000 per accident in bodily injury damages, and $50,000 per accident in liability coverage for property damage. *Id.* ¶ 21.

After the accident, Plaintiff made a claim under her Hartford policy for uninsured/underinsured motorist ("UM/UIM") benefits. *Id.* ¶ 22. Hartford denied her claim. *Id.* ¶ 24. On September 29, 2011 and October 13, 2011, Hartford sent two letters to Plaintiff and its other insureds residing in New Mexico, which the Complaint describes as advising that because of two recent decisions issued by the New Mexico Supreme Court, Hartford has an obligation to reform all policies such that UM/UIM limits are made equal to the limits of liability coverage for all policies from 2004 through the date of the mailings. *Id.* ¶ 33. The Complaint alleges that, despite these letters, Hartford continues to deny Plaintiff UM/UIM coverage with limits equal to the limits of her liability coverage, as required by New Mexico law. *Id.* ¶ 35.

On May 29, 2013, Plaintiff filed in New Mexico state court a Class Action Complaint against Hartford and Griego, for breach of statutory, common law, and contractual duties, and for injunctive and declaratory relief and for personal injuries. Doc. 1-1. The Complaint asserts 11 claims for relief. On June 28, 2013, Hartford removed the case to this Court. Doc. 1.

On July 30, 2013, Hartford filed a motion to dismiss. Doc. 14. Specifically, Hartford sought to dismiss in their entirety Plaintiff's claims for uninsured motorist benefits, injunctive relief, declaratory judgment, and punitive damages, as set forth in Counts III, VI, VII, VIII, and IX, respectively. Doc. 14. Harford also sought, as to Hartford only, dismissal of Plaintiff's negligence and negligence per se claims, as set forth in Counts X and XI, respectively. In her response to Hartford's motion, Plaintiff agreed to dismissal of her injunctive relief and punitive damages claim, acknowledging that these are not separate claims but rather remedies that she seeks as a result of the other claims alleged in her Complaint. Doc. 16. The claims thus remaining before the Court on Hartford's motion were Plaintiff's claims for uninsured motorist benefits, declaratory judgment, negligence and negligence per se.

On February 14, 2014, the Court entered a Memorandum Opinion and Order granting Hartford's motion ("February 14, 2014 Opinion"). Specifically, the Court dismissed in their entirety Plaintiff's claims for uninsured motorist benefits and declaratory judgment, and dismissed as against Hartford Plaintiff's claims for negligence and negligence per se. Doc. 38. On March 12, 2014, Plaintiff filed the instant motion to reconsider in its entirety the February 14, 2014 Opinion. Hartford opposes the motion.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. *In re Thornburg Mortgage, Inc. Secs. Litig.*, No. 07-85, 2011 WL 2429189, *19 (D.N.M., June 2, 2011). When a party seeks to obtain reconsideration of a non-final order, the motion is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 983 F.2d 1120, 1122 n.1 (10th Cir. 1991). Although a district court has "considerable discretion" to revisit its prior decisions, *see Thornburg Mortgage*, 2011 WL 2429189 at *19, "as a rule [the Court] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citation omitted).

Tenth Circuit case law is clear that a motion for reconsideration is an "inappropriate vehicle [] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Fye v. Oklahoma*, 516 F.3d 1217, 1224 (10th Cir. 2011) (finding district court did not abuse its discretion in denying

motion for reconsideration on basis that "considerations of fairness and judicial economy outweigh[ed] the Plaintiffs' interest in getting a second (or third) bite at the summary judgment apple"); *Otero v. Nat'l Distrib. Co., Inc.*, 627 F. Supp. 2d 1232, 1237 (D.N.M. 2009) (motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple"). Rather, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

## **DISCUSSION**

Plaintiff asks the Court to reconsider its decision to dismiss, in their entirety, her claims for uninsured motorist benefits and declaratory judgment and, as to Hartford alone, her negligence and negligence per se claims. In support of her request, Plaintiff argues that, in granting Hartford's motion and dismissing her claims, the Court misapprehended the facts of this case, Plaintiff's position, or the controlling law. As set forth herein, Plaintiff has provided no factual or legal basis for the Court to reconsider its decision.

I.      Claim for Uninsured Motorist Benefits

In Count III of the Complaint, Plaintiff alleges that Hartford wrongfully and unlawfully denied UM/UIM coverage to Plaintiff and the Class, and that as a result, Plaintiff and the Class are entitled to UM/UIM coverage with limits in an amount equal to the limits of the liability coverage of the policies at issue. Doc. 1-1 ¶¶ 60-62. In its motion to dismiss, Hartford argued that

4

Plaintiff's claim for uninsured motorist benefits is duplicative of her breach of contract claim, and does not state a legally recognized, independent cause of action. In response, Plaintiff argued that her claim for uninsured motorist benefits is a claim expressly provided for by the contract she has with Hartford, and does not turn on the question of whether Hartford violated its contractual provisions.

Considering the arguments before it, the Court recognized the distinction that Plaintiff herself had drawn between her uninsured motorist claim and her breach of contract claim, and citied *Brooks v. State Farm Ins. Co.*, for the proposition that "a claim for UIM benefits is merely a claim for payment of benefits under the contract and not a claim for breach of contract." 154 P.3d 697, 700 (N.M. Ct. App. 2007). The Court went on to explain, however, that under *Brooks*, "once the claim for payment of [uninsured motorist] benefits is denied, the right to claim benefits under a contract becomes a right to sue for breach of that contract." *Id.* The Court further explained that, under such circumstances, *Brooks* makes clear that "the claim being asserted is the right to sue for breach of contract, not the right to make a claim under the contract." *Id.*

Because, according to the Complaint, Hartford denied Plaintiff's claim under her insurance contract for uninsured motorist benefits, the Court explained that under *Brooks*, the right Plaintiff asserts is the right to sue for breach of contract, and not the right to make a claim under the contract. *Id.* The Court thus determined that Plaintiff cannot state a claim for uninsured motorist benefits separate from her breach of contract claim.

On its motion to reconsider, Plaintiff for the first time presents an entirely different argument as to why her uninsured motorist claim is distinct from her breach of contract claim. While continuing to maintain that Count III contains a "demand for payment," Plaintiff now argues that Count III also "requests that UM/UIM coverage with limits equal to the limits of

5

liability coverage be read into every Class member's policy." Doc. 41 at 9. Plaintiff now describes Count III as "a request for reformation of the UM/UIM coverage under the policy, i.e., request for equalized limits, in addition to a demand for payment." *Id.*

As set forth above, a motion to reconsider is improper where it merely advances new arguments that were available at the time of the original motion. There is good reason for this rule, as requiring the Court to revisit issues wastes scarce judicial resources. Rather than explain her failure, in response to Hartford's motion, to raise the argument she now raises on her motion to reconsider, Plaintiff writes that the Court "misapprehended" her position regarding the meaning of the term "denial of coverage" and the form of relief sought in Count III. The Court, however, could not "misapprehend" an argument that was never presented.

Further, to the extent that, as Plaintiff now argues, Count III includes a claim for injunctive relief in the form of an order requiring Hartford to reform her policy to provide uninsured motorist benefits equal to the limits of her liability coverage, that claim must be dismissed for lack of subject matter jurisdiction. Plaintiff admits that Hartford has already reformed her policy to provide uninsured motorist benefits equal to the limits of her liability coverage. Doc. 41 at 9. Despite this admission, she argues that, based on Hartford's denial of coverage to her until she filed suit against it, "there is every reason to believe that there are thousands of insureds with policies in which Hartford failed to equalize coverage," and for this reason, "this matter has been filed as a class action." *Id.* at 13. In other words, Plaintiff, who admittedly has no injury as to the failure to reform her policy to equalize coverage, nonetheless seeks to pursue on behalf of members of the putative class a claim of failure to reform their policies to equalize coverage. The

lack of a live case or controversy as to Plaintiff, however, is fatal to her claim.[1]

"Article III of the Constitution limits the jurisdiction of the federal courts to live controversies that exist at *all* stages of litigation." *Clark v. St. Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1138 (10th Cir. 2009) (emphasis in original). "To state a case or controversy under Article III, a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1442 (2011). "The 'irreducible constitutional minimum of standing' requires plaintiffs to show (1) that they have suffered an 'injury in fact,' (2) that the injury is 'fairly traceable to the challenged action of the defendant,' and (3) that the injury is likely to be redressed by a favorable decision.'" *Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1155 (10th Cir. 2006) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The first element, an "injury in fact," is defined as "an invasion of a legally protected interest" which is "concrete and particularized" and "actual or imminent." *Lujan*, 504 U.S. at 560.

Here, because Hartford has already reformed Plaintiff's insurance policy to equalize coverage, Plaintiff cannot establish that she has a concrete, actual or imminent injury that is capable of redress by an order enjoining Hartford to reform her insurance policy to equalize coverage. Plaintiff thus has no standing to pursue a claim for failure to reform her policy to equalize coverage. Plaintiff's decision to file her case as a class action is immaterial to this analysis. As the Supreme Court has made clear, the fact that a plaintiff seeks to maintain a suit as a class action on behalf of all persons similarly situated "adds nothing to the question of standing,

---

[1] The fact that neither party has raised the issue of the Article III case or controversy requirement is of no moment, as this Court has "an independent duty to examine [its] own jurisdiction." *Thomas v. Met. Life Ins. Co.*, 631 F.3d 1153, 1158 (10th Cir. 2011); *see also Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1155 (10th Cir. 2006) (stating that, because standing "raises jurisdictional questions," the Court is "required to consider the issue *sua sponte* to ensure that there is an Article III case or controversy before [it]").

for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n. 20 (1976). Accordingly, "[i]t makes no difference that this lawsuit is styled as a putative class action. Prior to class certification, the named plaintiff's failure to maintain a live case or controversy is fatal to the [claim] as a whole – that unnamed plaintiffs might have a case or controversy is irrelevant." *Thomas v. Met. Life. Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011); *See also Big Elk v. Bd. of Cnty. Comm'rs of Osage Cnty.*, 3 F. App'x 802, 2001 WL 82292 (10th Cir. 2001) ("Because the plaintiffs did not themselves have standing to enjoin the sheriff's department's policy, they cannot bring a class action on behalf of others seeking that same relief.").

Nor is the fact that Plaintiff may have suffered the claimed injury in the past sufficient to establish standing to seek prospective injunctive relief. "As a general rule, a case brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified." *Clark*, 590 F.3d at 1138. Here, Plaintiff's claim for reformation of her policy admittedly has been satisfied and no class has yet been certified. Further, Plaintiff neither alleges nor argues that there is a "real or immediate threat" that Hartford in the future will reverse its reformation of her policy. In the absence of a real or immediate threat of such future harm, Hartford's past failure to equalize Plaintiff's coverage is an insufficient basis to establish standing for her claim for injunctive relief. *O'Shea v. Littleton*, 414 U.S. 448, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."); *Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 493 (10th Cir. 1998)

8

("[P]laintiff's standing to seek an injunction ordering her admission to the school based solely on her allegations of past misconduct does not entail standing to seek an injunction prohibiting future use of the disputed preference.").

Because Plaintiff thus has no standing to bring a claim seeking reformation of her insurance policy, the Article III live case or controversy requirement is not met, and this Court has no subject matter jurisdiction over her claim. Accordingly, to the extent that Count III alleges such a claim for reformation of Plaintiff's policy, that claim must be dismissed for lack of subject matter jurisdiction.

To the extent that, as Plaintiff argues, Count III also includes a claim for "a demand for payment," the Court continues to hold that such a claim was properly dismissed under *Brooks*. The Court in *Brooks* unequivocally stated that once a claim for payment of uninsured motorist benefits is denied, the right to claim benefits under a contract becomes a right to sue for breach of that contract. Here, Plaintiff alleges that Hartford denied her claim under her contract. Accordingly, under *Brooks*, her claim for a demand for payment is one and the same as her claim for breach of contract. The Court finds unavailing Plaintiff's arguments that the Court misapplied *Brooks*, and that because the contract provides "resolution mechanisms," her claim for payment of benefits is something other than a claim for breach of contract. Doc. 41 at 11. For all of these reasons, the Court will not reconsider its decision to dismiss Count III of the Complaint.

II.     Claim for Declaratory Judgment

In Count VII, Plaintiff alleges that an actual controversy exists between the parties, thereby rendering declaratory relief proper, and that Plaintiff and the Class "are entitled to a declaratory judgment establishing the respective rights and obligations of the parties with respect to the claims set forth herein." Doc. 1-1 ¶¶ 73-76. In its motion to dismiss, Hartford argued that there is no

actual controversy, as it agrees with Plaintiff that, under *Jordan v. Allstate Ins. Co.*, 245 P.3d 1214 (N.M. 2010), and *Progressive N.W. Ins. Co. v. Weed Warrior Servs.*, 245 P.3d 1209 (N.M. 2010), any legally defective rejection of UM/UIM coverage results in the automatic and retroactive reformation of its insurance policies as a matter of law. In the February 14, 2014 Opinion, the Court agreed with Hartford, explaining:

> While the Complaint asserts a right to a declaratory judgment, it does not make clear what "rights and obligations" it seeks the Court to declare. Based on the plain language of the Complaint, Plaintiff appears to allege that Hartford has ignored its obligations under *Jordan* to reform its policies to include UM/UIM coverage with limits equal to the limits of liability coverage. Hartford has now conceded that it must comply with *Jordan*, and reform its policies in precisely the way Plaintiff argues. The Complaint does not allege any other rights or obligations that Plaintiff seeks to have declared. It thus appears that no actual case or controversy remains to be resolved in Plaintiff's declaratory judgment claim. *See Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1382 (10th Cir. 2011) (holding that where, by the time of judgment, BancInsure had agreed that the insurance policy at issue covered the only claim that had been made against an insured, there was no actual controversy to be resolved in declaratory judgment action).

Doc. 38 at 5-6.

On her motion to reconsider, Plaintiff states that Hartford "does not comply with the law unless a suit is filed against it," and that Hartford's "notice of equalized coverage to its insureds in two letters is not the same as actually providing coverage." Doc. 41 at 13. Based on these statements, Plaintiff argues that "there is a case or controversy as to whether Hartford's concession that it complies with the law is in fact true." Doc. 41 at 13. The Court is at a loss to divine from this argument what "rights and obligations" she seeks to have the Court declare. The Court cannot, through a declaratory judgment, compel Hartford's compliance with the law, but rather can only declare Plaintiff's rights and Hartford's obligations under the law. As stated in the February 14, 2014 Opinion, Hartford does not dispute that its policyholders are entitled to

uninsured motorist benefits, and that the law obligates it to reform its policies to provide for such benefits. Accordingly, there is nothing left for the Court to declare. Plaintiff's claim for a declaratory judgment thus was properly dismissed.

III.     Claims for Punitive Damages and Injunctive Relief

On her motion to reconsider, Plaintiff states that "the Court did not answer the question as to whether Plaintiff may amend her Complaint on the injunctive relief and punitive damages claims, as requested in her Response." Doc. 41 at 14-15. To date, Plaintiff has made no motion to amend her complaint. Plaintiff's argument, included at the end of her response, that she is entitled to amend her complaint is not a motion properly before the Court. Further, Plaintiff represented to the Court that she did not challenge Hartford's request to dismiss the separate counts for punitive damages and injunctive relief, noting that the former was included in her prayer for relief, and that she would "seek to amend her pleading to add the latter." Doc. 16 at 3 n. 1. Unless and until Plaintiff properly files a motion to amend her complaint, this Court will not rule on whether such amendment is proper.

IV.     Claims for Negligence and Negligence Per Se Against Hartford

In Counts IX and X, Plaintiff alleges that Griego's conduct constitutes negligence and negligence per se. Doc. 1-1 ¶¶ 100. In both Counts, Plaintiff alleges that Hartford is liable for damages recovered by Plaintiff against Griego, as an uninsured driver, under the UM/UIM coverage provision of her insurance policy. *Id.* ¶¶ 84, 100. In its motion to dismiss, Hartford argued that its obligation to Plaintiff is defined by their contractual relationship, and thus that Plaintiff cannot assert a negligence or negligence per se claim against Hartford, as its insurer, separate and apart from its breach of contract claim against it. In her response, Plaintiff argued that there is no legal basis to preclude her from adding her insurer as a party to negligence claims

11

against Griego, and asserted that New Mexico law specifically permits both a direct action by the insured against the insurance company, and joinder of automobile insurance carriers as defendants in a wide variety of cases alleging negligence leading to an automobile accident.

In dismissing the negligence claims against Hartford, the Court examined the cases cited by Plaintiff, and found that they provided no support for her position. To the contrary, the Court found that New Mexico courts treat "UIM and UM claims as contract-based actions," *Brooks*, 154 P.3d at 698, and thus that Plaintiff is permitted to bring a direct action against Hartford, as its insurer, for breach of its insurance contract, in which it was required under New Mexico law to provide UM/UIM coverage. The Court held that Plaintiff, as the party injured in an accident, is not entitled to bring a tort claim against Hartford, her own insurer, based on the negligence of the tortfeasor who caused her injury, who has no contractual relationship to Hartford.

On her motion to reconsider, Plaintiff argues that the Court misapprehended its negligence claims, as those claims "do not reflect Plaintiff is suing or making tort claims against Hartford," but rather "make clear that Hartford is liable *for* damages that may be recovered *against* Defendant Griego, the uninsured tortfeasor, up to the limits of Plaintiff's UM/UIM coverage under her policy of insurance with Hartford." Doc. 41 at 15 (emphasis in original). According to Plaintiff, under New Mexico law, "naming the tortfeasor and the UM/UIM insurer as pleaded in this case as proper." *Id.* Yet again, none of the cases cited by Plaintiff supports this proposition. *See Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196 (D.N.M. 2013) (deciding the sole issue before it of whether a tortfeasor was properly joined as a defendant in a multi-count action against the plaintiff's insurer, without addressing whether the plaintiff could state a claim against the insurer for negligence); *Burge v. Mid-Continent Cas. Co.*, 933 P.2d 210 (N.M. 1996) (addressing the unrelated question of "whether comparative negligence of another party or non-party is a

question of liability admitted by a default or a question of damages subject to a hearing on damages after the default," and holding "that a defaulting party admits only to the liability aspect of the complaint, thus reserving for the damages hearing a determination of damages in accordance with the application of comparative negligence and apportionment of damages"); *Gallegos v. Nevada Gen. Ins. Co.*, 248 P.3d 912 (N.M. Ct. App. 2010) (reaching the inapposite holding that when an automobile insurer brings a declaratory action to deny coverage to its insured, an alleged tortfeasor, both the insured and the existing plaintiffs who have been allegedly injured by the insured are required parties). Indeed, this is unsurprising, as Plaintiff essentially argues that it need not establish any of the elements of a negligence claim in order to assert a negligence claim against Hartford – an untenable argument that defies the most elemental principles of tort law.

As noted in the February 14, 2014 Opinion, the Court does not disagree that Plaintiff has a cause of action against Hartford for its alleged failure to pay uninsured motorist benefits and is entitled to seek damages arising from that failure. The Court, however, continues to hold that Plaintiff may not bring a negligence claim against Hartford for the alleged negligence of a tortfeasor with whom Hartford has no contractual privity. Plaintiff's negligence claims as asserted against Hartford thus were properly dismissed.

## CONCLUSION

The Court does not agree with Plaintiff that in granting Hartford's motion and dismissing her claims, the Court misapprehended the facts of this case, Plaintiff's position, or the controlling law. Accordingly, there is no basis for the Court to reconsider its decision dismissing in their entirety Plaintiff's claims for uninsured motorist benefits and declaratory judgment, and dismissing as against Hartford Plaintiff's claims for negligence and negligence per se.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Granting Defendant Hartford Casualty Insurance Company's Motion to Dismiss [Doc. 41] is denied.

DATED this 23rd day of March, 2015.

_____
MARTHA VAZQUEZ
United States District Judge